UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Dawn M. Rafferty,

                Plaintiff,

                                              **Hon. Hugh B. Scott**
                                                    09CV1019

                                              **Decision & Order**

                v.

Roy P. Erhard, Jr. et al.,

                Defendant.
_____

Before the Court are the defendants' further motions *in limine* seeking to preclude evidence relating to the underlying accident, as well as the determination by the United States Social Security Administration ("SSA") that the plaintiff is disabled. (Docket No. 112).

**Background**

The plaintiff, Dawn M. Rafferty ("Rafferty"), commenced this action in New York State court alleging that she was injured as a result of an automobile accident on July 2, 2008 in the Town of Ellicott, New York. The plaintiff alleges that the accident was caused by defendant Roy P. Erhard, Jr. ("Erhard"), who was operating a truck owned by defendant Herman R. Ewell Inc. ("Ewell"). (Docket No. 1-4 at ¶¶ 4-7). The plaintiff claims that she was stopped, attempting to

make a left hand turn, when the vehicle she was driving was rear-ended by a tractor-trailer operated by Erhard. The state court action was removed to this court based upon diversity jurisdiction (the plaintiff is a New York resident; while both defendants are Pennsylvania residents). (Docket No. 1 at ¶¶ 3-5). The defendant Erhard has admitted that he was negligent and that his negligence was the sole proximate cause of the accident. (Docket No. 54 at ¶2). It does not appear that the defendants have admitted that all of the injuries claimed by the plaintiff were "caused" by the accident. Thus, this stipulation leaves the issues of the nature, cause, extent of the plaintiff's injuries and the amount of damages to be determined by a jury. (Docket No. 73 at ¶ 5). A jury trial is set to commence on July 11, 2012.

**Evidence Relating to the Accident**

The defendants seek to preclude the introduction of accident reports, photographs and other information relating to the scene of the underlying accident and the vehicles involved, as well as the proposed testimony of Corporal Thomas Beckerink, the police officer who investigated the accident. (Docket No. 112 at page 1-2). The defendants argue that such evidence is irrelevant inasmuch as liability as to the cause of the accident has been admitted by the defendants in this case. (Docket No. 112 at page 1).

As noted above, however, the defendants dispute that all of the injuries claimed by the plaintiff were "caused" by the accident. For example, Dr. Daniel Castellani, the defendants' expert, has concluded that the plaintiff's cervical hernation was not a result of the July 2, 2008 acident. (Docket No. 69-1 at page 16). Thus, evidence regarding the force and impact of the accident is relevant with respect to the plaintiff's burden to prove that the injuries she sustained were caused by the accident. See <u>Fiala v. National School Bus Service, Inc</u>. 161 Misc.2d 398,

400-401, 613 N.Y.S.2d 796, 797 - 798 (N.Y.Sup.,1994)(Even in the face of an admission of liability, proof as to the happening of an accident is probative and admissible as it describes the force of an impact or other incident that would help in determining the nature or extent of injuries and thus relate to the question of damages.).

The motion to preclude the evidence relating to the accident and the testimony of Beckerink is denied.

**Social Security Disability Status**

The defendants also seek to preclude the plaintiff from introducing evidence that she has been found to be disabled by the SSA. The defendants argue that the determination by the SSA is not admissible as proof of the plaintiff's claimed disability in this case and that such evidence is unduly prejudicial under Rule 403 of the Federal Rules of Evidence. (Docket No. 112 at page 4). In support of the proposition that the SSA determination does not constitute *res judicata* and has no collateral estoppel effect upon the issue of whether or not the plaintiff is disabled, the defendants cite to Saari v. Merck & Co., 961 F.Supp. 387, 397 (N.D.N.Y. 1997) and Cohen v. United States, 571 F.Supp. 589 (S.D.N.Y. 1983), which respectively hold that in the context of a workman's compensation claim or a personal injury case, *res judicata* and collateral estoppel do not apply to determinations of disability by the SSA. These cases do not address Rule 403.

The plaintiff does not argue that the SSA determination is subject to *res judicata* or collateral estoppel, but seeks to introduce it solely as evidence consistent with the testimony of the plaintiff's treating physicians that the plaintiff is disabled as a result of the accident. (Docket No. 114 at page 6). The plaintiff cites to no authority supporting the introduction of such

evidence for this purpose.

The fact that the SSA has determined the plaintiff to be disabled is of limited probative value in this case. For example, a finding of disability for the purposes of benefits under the Social Security Disability Act may be made where the SSA has determined that the individual cannot perform "substantial gainful activity" for a period of not less that 12 months. See 20 CFR § 404.1527. Such a determination can be reversed by the SSA upon evidence that the individual's disability has "ceased." See 42 U.S.C. § 425. Typically, this may occur where the individual has experienced a medical improvement resulting in the individual's ability to return to substantial gainful activity as defined by the Act. Thus, a determination of disability by the SSA is of limited probative value in assisting the jurors to assess the cause, extent and permanency of the plaintiffs injuries in this case.

Thus, evidence of an SSA determination of disability has been found to be inadmissible in a personal injury context. For example, in King v. Wal-Mart Stores, Inc. 50 Fed.Appx. 786, 788, 2002 WL 31499011, 2 (7th Cir. 2002) the trial court had held that "the fact that [the plaintiff] has been deemed totally disabled for purposes of receiving Social Security Benefits ... is inadmissible."[1] Similarly, in another personal injury action, Harlow v. Wal-Mart Stores, Inc., 141 F.3d 1165, 1998 WL 198917 (5th Cir. 1998), a determination of disability by the SSA was held to be unduly prejudicial and inadmissible under Rule 403. Harlow, 1998 WL 198917 at *1.

In light of the limited probative value of the SSA determination with respect to the issues in this case, it is unduly prejudicial and inadmissible pursuant to Rule 403.

---

[1] The Court did allow the defendants to cross-examine the plaintiff upon inconsistent statements made by the plaintiff in the social security application, without identifying the document. determination of disability has been found to be inadmissible in a personal injury context. King, 2002 WL 31499011 at *2.

**Conclusion**

The defendants' motion to exclude certain testimony and evidence (Docket No. 112) is granted in part and denied in part, consistent with the above.

So Ordered.

                                                */s/ Hugh B. Scott*
                                          United States Magistrate Judge
                                          Western District of New York

Buffalo, New York
July 10, 2012