**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**Dawn M. Rafferty,**

        **Plaintiff,**

                     **Hon. Hugh B. Scott**
                     **09CV1019**
        **v.**
                     **Decision & Order**

**Roy P. Erhard, Jr. et al.,**

          **Defendant.**

---

  The function of rebuttal evidence is to explain or rebut evidence offered by an opponent. See United States v. Neary, 733 F.2d 210, 220 (2d Cir.1984). A district court has wide discretion in determining whether to permit evidence on rebuttal. United States v. Nussen, 531 F.2d 15, 20 (2d Cir.), cert. denied, 429 U.S. 839, 97 S.Ct. 112, 50 L.Ed.2d 107 (1976).

  Here, the plaintiff has proposed to call Dr. Bedani as a rebuttal witness in this case. The plaintiff has proffered two reasons for calling Dr. Bedani. First, to rebut anticipated testimony from Dr. Castellani that there were no early symptoms of the plaintiff's claimed injuries, and that the plaintiff's injuries are the result of degenerative conditions and not the accident. Second, the plaintiff seeks to have Dr. Bedani introduce an EMG study that he conducted on the plaintiff which the plaintiff unsuccessfully attempted to introduce in her case in chief.

  With respect to the introduction of the EMG study, this does not appear to be a rebuttal

issue. The plaintiff could have called Dr. Bedani for this purpose in her case in chief.

With respect to the other proffered basis, the plaintiff has been aware of the anticipated testimony of Dr. Castellani since she received Dr. Castellani's various reports, the first of which is dated April 25, 2011.  The plaintiff does not claim surprise regarding this anticipated testimony.  At this time, there is no basis to conclude that Dr. Castellani will depart from his prior written reports. See Gartner v. Doctors Hostpital, 1984 US Dist. LEXIS 22507 (S.D.N.Y. 1984).  Moreover, the plaintiff has already introduced testimony from several witnesses that the injuries the plaintiff suffered were as a result of the accident, were progressive, and that these injuries worsened over time.  Thus, to this extent, the proffered testimony of Dr. Bedani is cumulative and redundant.

It is undisputed that the plaintiff did not include Dr. Bedani as a witness in her pretrial statement. The plaintiff contends that Dr. Bedani was left off of her initial pretrial statement in error because page 4 was omitted from the document that was filed. (Docket No. 79). The Court notes, however, that when the plaintiff filed a supplemented pretrial statement, Dr. Bedani's name was still not included. (Docket No. 105).  Thus, the defendants have had no notice whatsoever of the plaintiff's intention to call Dr. Bedani as a witness, rebuttal or otherwise.

While the plaintiff need not anticipate every issue that a defense witness may raise, here the plaintiff purports to call a witness to rebut the primary arguments that it is anticipated Dr. Castellani will make, of which the plaintiff has long been on notice. Indeed, as noted above, the plaintiff has already introduced evidence contrary to the anticipated testimony of Dr. Castellani. In light of the fact that the plaintiff has failed to identify any unanticipated issue, or list Dr. Bedani as a possible trial witness, the Court does not have a basis to conclude that Dr. Bedani is

an appropriate rebuttal witness at this time. However, it is possible that the actual testimony of Dr. Castellani may furnish a basis for appropriate rebuttal.

Thus, the Court reserves decision as to whether Dr. Bedani will be allowed to testify as a rebuttal witness until after the testimony of Dr. Castellani.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 19, 2012